IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA LYNN HALL                                                           PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:08cv489-FKB

MARGARET BINGHAM, ET AL.                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Although Hall is not proceeding in this matter *in forma pauperis*, she is proceeding *pro se*. Furthermore, as a prisoner, her claims are subject to analysis under 28 U.S.C. § 1915A. The Court has held an evidentiary trial, at which time testimony was given by the parties and their witnesses, and documentary evidence was presented. As explained in this opinion, the Court finds that the plaintiff failed to prove that the defendants were deliberately indifferent to her safety. Accordingly, this matter is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I. Plaintiff's Claims

Plaintiff claims that the defendants violated her Eighth Amendment rights during her time of incarceration as a convicted prisoner at the Central Mississippi Correctional Facility

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

("CMCF"), located in Pearl, Mississippi.  In her complaint, and according to her testimony at the omnibus hearing, she alleges that the defendants violated her constitutional rights when on May 11, 2007, they failed to protect her from an attack by a fellow inmate.  Plaintiff alleges that the fellow inmate threw a cup of hot water on her, thereby causing first and second degree burns on her chest and shoulder areas.  She also alleges that, prior to the attack on May 11, she had verbally warned the defendants on several occasions in March 2007 that the inmate had threatened her.  As a result of the attack, officials immediately transferred Plaintiff to another area of the prison to protect her from her attacker, the inmates were "red-tagged,"[2] and no further physical altercations have occurred between the two inmates.

Named as defendants are current and former employees of CMCF, as follows:  Margaret Bingham, former warden; Percy Barton, staff officer; I. A.  Gilmore, Associate Warden[3]; Connie Tate, former Case Manager; and Kenneth Skiffer, staff officer.

## II.  Relevant Standards and Discussion

In this non-jury trial, Plaintiff shouldered the burden of proving to the Court by a preponderance of the evidence that the defendants had violated her constitutional rights by failing to protect her from harm. As a convicted prisoner at the time of this incident, Hall's constitutional protections flow from the Eighth Amendment.  See Whitley v. Albers, 475 U.S.

---

[2]"The 'red-tag' process is a procedure that allows inmates who are intimidated or threatened by other inmates to separate themselves from those inmates."  Simpson v. Epps, 2010 WL 4053727 (S.D. Miss. Oct. 15, 2010).

[3]On November 23, 2011, just days before the bench trial scheduled for November 29, 2011, the defendants filed a Notice of Suggestion of Death as to defendant Gilmore.  See Docket No. 38. The court convened the trial on November 29, 2011, but the case was continued so that Plaintiff could accomplish Rule 25 substitution.  However, in a Telephonic Status Conference held on December 19, 2011, Plaintiff stated that she no longer wished to pursue claims against Gilmore's estate.

312, 319 (1986)("'After incarceration, only the 'unnecessary and wanton infliction of pain'. . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Ingraham v. Wright, 430 U.S. 651, 670 (1977)(quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976))). Furthermore, "[a] prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated.  He thus loses those rights that are necessarily sacrificed to legitimate penological needs." Elliot v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994).

The standard for evaluating a failure to protect claim is found in Farmer v. Brennan, 511 U.S. 825 (1994).  In Farmer, the Supreme Court held that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837.  Simply put, a prison official acts with the requisite deliberate indifference to establish a constitutional violation, based on a failure to protect an inmate from violence at the hands of other inmates, if the official is aware of an excessive risk to inmate safety and disregards that risk. Longoria v. Texas, 473 F.3d 586, 592-93 (5th Cir.2006). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence," but are charged with protecting incarcerated individuals from a known excessive risk to safety. Adames v. Perez, 331 F.3d 508, 512 (5th Cir.2003). A prison official's negligence for failing to protect the plaintiff is not actionable. Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir. 2001).

Based on the evidence presented at trial, and having had the opportunity to observe the witnesses and evaluate their veracity in person, the Court finds that Hall failed to carry her burden of proof.  In sum, the evidence presented at trial showed that the Petitioner failed to demonstrate that the defendants knew of and disregarded an excessive risk to her health or safety,

that she did not relay her concerns about threats to certain defendants prior to the incident, and that she failed to take advantage of the "red-tag" system of protection from fellow inmates.

Hall's claims against defendants Bingham, the former Warden, and Skiffer, a former officer, fail because Hall did not present evidence showing that they had knowledge of any threats of bodily harm made against Hall prior to the May 11, 2007, incident.  As to defendant Tate, a former case manager to Hall, conflicting evidence was presented concerning Tate's knowledge of threats prior to the attack.  However, based upon Tate's testimony, and an absence of any notation regarding threats prior to the incident in log records[4] kept by case managers, the Court finds that there is not sufficient evidence to find that Tate was aware of and disregarded an excessive risk to Hall's health or safety.

Hall's claims against Bingham also fail on another basis: they are founded in the "respondeat superior" theory of recovery.  At trial and at the omnibus hearing, Hall admitted that she had sued Bingham because she was in charge of the facility, not because she had personal knowledge of the alleged threats. Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury."  Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992).   Hall has utterly failed to present evidence that Bingham had any knowledge of threats of bodily harm to her, or that she failed to take any protective action. Furthermore, Hall has failed to present any evidence alleging that Bingham implemented unconstitutional policies that resulted in Hall's injuries.  For these reasons, Hall's claims against Bingham based on the "respondeat superior" theory of recovery also fail.

As to Plaintiff's claims against Barton, the evidence presented fails to show that Barton

---

[4]See Defendants' Exhibit D-2, Offender Log Report.

was aware of and disregarded an excessive risk to Hall's safety or health.  Plaintiff testified that Barton, in response to plaintiff's verbal complaints, conducted a counseling session with both Hall and the inmate who allegedly threatened Hall.  According to Hall, in response to her allegations against the other inmate and that the inmate possessed a knife or "shank," Barton conducted a search of the inmate for the "shank."  The search did not reveal a "shank," but this demonstrates that Barton was responsive to Plaintiff's concerns.  Furthermore, the record contains documentation[5] of the counseling session, after which Barton indicated that both inmates stated that they did not have a problem.[6]

Finally, the court attaches significance to the fact that the Plaintiff did not take advantage of the "red-tag" system of protection from fellow inmates.  At the omnibus hearing, the plaintiff testified that she was aware of the "red-tag" system of protection prior to the incident, but that she did not follow the procedures or attempt to "red-tag" the threatening inmate.

However, at the trial, Hall testified to the contrary.  Hall testified that she attempted to "red-tag" the threatening inmate, but her request was denied. This change in testimony damages Hall's credibility with the Court.  Hall also failed to present any evidence at trial that she made any effort to apply for a red-tag.  Furthermore, testimony at the trial by her witness, M.D.O.C. employee Richard Caston, demonstrated that Hall was made aware prior to the incident that she was required to apply for a red-tag to guarantee separation from the inmate. Thus, considering this evidence regarding her failure to red-tag the threatening prisoner, along with other testimony

---

[5]See Defendant's Exhibit D-1, Second Step Response Form.

[6]Barton was unavailable to testify at trial due to an extended illness, and the case had previously been continued based on Barton's extended illness. See Docket Nos. 34 and 35. However, on the record at trial, Plaintiff stated that she would not have called him as a witness in her case-in-chief, and she did not think it was necessary for Barton to be present at trial.

in the record,[7] the court finds that the Plaintiff has failed to prove her claims.

### III.  Conclusion

Thus, for the reasons stated above, the Court finds that Plaintiff failed to prove that the defendants were aware of and disregarded an excessive risk of harm to her.  Accordingly, Plaintiff's claims against Defendants are dismissed with prejudice.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 13th day of March, 2012.

       /s/ F. Keith Ball
      UNITED STATES MAGISTRATE JUDGE

---

[7] Another piece of evidence supporting the Court's decision is that, prior to the incident, Hall refused an offer from Gilmore to be moved to another part of the prison.  Caston testified that he had a telephone conversation with former defendant Gilmore, and that Hall was present in the room with Caston during the conversation.  Caston relayed to Hall an offer from Gilmore to move Hall to another section of the prison if she felt threatened. Caston testified that Hall refused the offer because she would lose her prison job if she were moved.